UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAMON WILLIAMS                                    CIVIL ACTION

          Plaintiff,                           Index No.:

   Against                                        JURY TRIAL DEMANDED

NATIONAL RAILROAD PASSENGER CORP.

          Defendant.                           <u>VERIFIED COMPLAINT</u>

-----------------------------------------------------------------X

NOW COMES Plaintiff, Damon Williams, by and through his attorneys, FLYNN & WIETZKE, P.C. and ROME, ARATA, BAXLEY & STELLY, L.L.C, and for his complaint against NATIONAL RAILROAD PASSENGER CORP., states as follows:

**PARTIES**

1.     Plaintiff, Damon Williams, is an adult individual, residing at 105 Pickwick Lane, North Babylon, New York, and has been assigned to Defendant's New York crew base for more than ten years.

2.     Defendant, National Railroad Passenger Corporation d/b/a "Amtrak" (hereinafter "Amtrak"), its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the part or past, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, Defendant and/or Defendant's predecessors in interest were regularly and systematically conducting its business activities within the jurisdiction of this Court, as a common carrier of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

3.     Defendant, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the past maintained headquarters and its principal place of business within the

City of New York, and/or maintained sales offices within the City of New York and/or transacted business within the City of New York.

4. At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant working as a Conductor, in furtherance of the carrier's business of interstate commerce and transportation by railroad.

## JURISDICTION AND VENUE

5. This is an action arising under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*. ("the FELA"), to recover damages for personal injuries sustained by Plaintiff Damon Williams while in the course of his employment with Defendant Amtrak.

6. This Court has jurisdiction and venue of this matter pursuant to 45 U.S.C. §56.

## COUNT I

7. On or about August 29, 2021, Plaintiff was in the usual and customary performance of his duties as a Conductor working for Defendant Amtrak at New York Penn Station.

8. On the aforesaid date, Plaintiff was working as a Yard Conductor and preparing to bring Train 42 from Penn Station to Sunnyside Yard. As he walked alongside Track 11, a trespasser leapt from a vestibule on Train 42 and immediately began violently punching Plaintiff in the head several times. Plaintiff was unable to escape the violent attack until a fellow conductor came onto the scene and together they were able to fend off the attacker and chase him away.

9. The accident caused Plaintiff to suffer serious and disabling injuries to his head, neck, left shoulder, and back, including but not limited to a concussion, as well as post-traumatic stress disorder, *inter alia*.

10. Plaintiff was injured while engaged in the course and scope of his employment for Amtrak as a result of Defendant's negligence.

11. The injuries to Plaintiff were due in whole or in part to the negligence of Defendant Amtrak, its agents, servants, or employees acting in the course and scope of their employment. Plaintiff's accident, injuries, and damages as herein-described resulted from breaches of the duties owed by the Defendant Amtrak to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*, as follows:

(a) Amtrak failed to provide Plaintiff with a safe place in which to work;

(b) Amtrak failed to provide reasonable security at its New York Penn Station to which it assigned Plaintiff to work, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals in its New York Penn Station;

(c) Amtrak failed to adhere to its non-delegable duty to ensure adequate safety and security of its employees, including Plaintiff, in its New York Penn Station;

(d) Amtrak failed to screen its passengers to ensure that they did not pose a security risk to other passengers and the crew of its trains;

(e) Amtrak failed to properly warn Plaintiff of the dangers inherent in performing his job duties, specifically duties which involve encounters with violent members of the public, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals in its New York Penn Station;

(f) Amtrak failed to promulgate and enforce reasonable policies and procedures, e.g. – having a reasonable number of police officers or security guards present in its New York Penn Station to ensure adequate safety of its employees, including Plaintiff, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals in the Station;

(g) Amtrak failed to properly train its employees, including Plaintiff, in the manner by which to approach unruly, violent individuals so as to avoid suffering harm to their person or passengers in its New York Penn Station or on its trains, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals in the Station as well as on its trains;

(h) Amtrak failed to provide a crew of sufficient size or a sufficient number of gate ushers at New York Penn Station to evaluate potentially dangerous situations and possibly eliminate the conditions which may lead to a dangerous situation occurring;

(i) Amtrak failed to remove unruly and violent vagrants from its New York Penn Station to which Plaintiff was assigned to work, ignoring the numerous

complaints made about the dangerous conditions created by their presence in the Station;

(j) Amtrak failed to provide reasonably safe conditions for work;

(k) Amtrak failed to provide reasonably safe equipment or tools for work; and

(l) Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances.

12. Plaintiff's injuries resulted from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

## PRAYER FOR RELIEF

13. As a result of Defendant's aforesaid negligence, Plaintiff sustained serious and permanent physical injuries to his head, neck, left shoulder, and back, as well as post-traumatic stress disorder, *inter alia*, and has suffered, and will continue to suffer into the future physical pain and mental anguish. Plaintiff's earning capacity has been diminished, and Plaintiff has lost, and may in the future lose, substantial time from employment with a significant loss of earnings therefrom. Plaintiff has incurred, and may in the future, incur expenses for medical and related treatment.

14. Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, he was an able-bodied employee of Amtrak, and Plaintiff demands full recovery for all sums reasonable in the premises for the following categories of damages:

   a. Physical pain and suffering, past and future;

   b. Mental anguish, past and future;

   c. Loss of enjoyment of life, past and future;

   d. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

    e. Unpaid medical expenses, past and future.

**WHEREFORE**, Plaintiff, Damon Williams, demands judgment in his favor and against Defendant, National Railroad Passenger Corporation d/b/a "Amtrak," for compensatory damages together with costs, interest, and any further and additional relief that this Honorable Court deems appropriate.

        Respectfully Submitted,

        **FLYNN & WIETZKE, PC**

        */s/ Marc Wietzke*
        _____
        **Marc Wietzke, Esq.**
        1205 Franklin Avenue, Suite 370
        Garden City, NY  11530
        Telephone: (516) 877-1234
        Facsimile: (516) 877-1177
        E-mail: MWietzke@FELAattorney.com

        **ROME, ARATA, BAXLEY & STELLY, L.L.C.**

        **C. Perrin Rome, III, Esq.**
        Blake G. Arata, Jr., Esq.
        Jason C. MacFetters, Esq.
        650 Poydras Street, Suite 2017
        New Orleans, LA 70130
        Telephone: (504) 522-9980
        Facsimile: (504) 522-9971
        E-mail:  *Prome@romearata.com*